UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-25618-BLOOM/Elfenbein

MOHAMMAD ABDELRAHMAN SAMHAN,

    Petitioner,

v.

KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security, in her official capacity*;
TODD LYONS, *Acting Director and Senior Official Performing the Duties of the Director of ICE, in his official capacity*; GARRETT RIPA, *Field Office Director for ICE ERO Miami, in his official capacity*; WARDEN OF KROME SPC, *in his/her official capacity*, U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Respondents.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On December 1, 2025, Petitioner Mohammad Abdelrahman Samhan ("Petitioner") filed a Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. On December 3, 2025, the Court issued an Order to Show Cause as to why the Petition should not be granted. ECF No. [5]. The Government filed a Response, ECF No. [8], to which Petitioner filed a Reply. ECF No. [9].

The parties agree on the following facts: Petitioner was issued a final order of removal on December 12, 2005 and has been released on an Order of Supervision ("OSUP") since April 10, 2006. ECF Nos. [1] ¶ 20; [8] at 3. On November 20, 2025, during a scheduled check-in with Immigration and Customs Enforcement ("ICE"), the Government revoked Petitioner's OSUP and

Case No. 25-cv-25618-BLOOM/Elfenbein

detained him. ECF Nos. [1] ¶ 3; [8] at 4. Petitioner has been detained in Krome North Service Center awaiting removal since then. ECF Nos. [1] ¶ 3, [8] at 4.

Petitioner states that "at no time following Petitioner's arrest did ICE explain why it revoked Petitioner's order of supervision or give him an opportunity to respond to those reasons." ECF No. [1] ¶ 29. The Government argues that, because Petitioner's revocation occurred pursuant to 8 C.F.R. § 241.4(l)(2), it was not required to give Petitioner notice or an interview. ECF No. [8] at 8. However, the Government states that Petitioner "was informed that his OSUP was revoked to affect his removal from the United States and was provided an opportunity to ask questions regarding the revocation of release." *Id.* at 4. The Government also argues that Petitioner "was given notice by way of the Notice of Revocation of Release." *Id.* at 7. However, the Government's description of the procedures which Petitioner was afforded fall short of those outlined in the Notice of Revocation of Release ("Notice"), which the Government issued to Petitioner and attached to its Response. The Notice states:

> You will promptly be afforded an informal interview at which you will be given the opportunity to respond to the reasons for the revocation and to provide evidence to demonstrate that your removal is unlikely. If you are not released following the informal interview, you will receive notification of a new review, which will occur within approximately three months from the date of this notice.

ECF No. [8-1] at 72.

At no point in the Response does the Government state that Petitioner was given "the opportunity to respond to the reasons for the revocation and to provide evidence to demonstrate that your removal is unlikely[,]" to which he was entitled under the Notice signed by the Assistant Field Office Director. *Id.* Therefore, on the basis of the pleadings, it appears that the Government did not comply with its own stated procedures.

"The Eleventh Circuit has consistently held that even where the statutory framework grants

2

Case No. 25-cv-25618-BLOOM/Elfenbein

agency discretion, courts have jurisdiction to review whether an agency adhered to its own regulations and procedures." *Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *5 (S.D. Fla. Aug. 8, 2025) (citing *Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, 775 F.3d 1255, 1262 (11th Cir. 2014)). In *Kurapati*, the Eleventh Circuit held that, although, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), the district court "lacks subject matter jurisdiction to review any 'decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of . . . the Secretary of Homeland Security[,]'" USCIS's failure to follow the correct procedure in revoking I-140 petitions "was not within USCIS's discretion. Section 1252(a)(2)(B)(ii) thus does not prevent judicial review of the conduct of the administrative proceedings." 775 F.3d at 1262 (internal citations omitted). Courts in this district have applied this reasoning to cases involving the revocation of Orders of Supervision, "finding a distinction between the decision to revoke an OSUP and a failure to follow procedures." *Ripa*, 2025 WL 2280485, at *5; *Grigorian v. Bondi*, No. 25-cv-22914, 2025 WL 1895479, at *3-5 (S.D. Fla. July 8, 2025). The Court finds these cases persuasive and, accordingly, has jurisdiction to determine whether or not the Government "follow[ed] its own binding regulations." *Kurapati*, 775 F.3d at 1262 (quoting *Fla. Dep't of Bus. Regulation v. U.S. Dep't of Interior,* 768 F.2d 1248, 1257 n. 11 (11th Cir. 1985), *abrogated on other grounds by Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak,* 567 U.S. 209 (2012)).

Accordingly, it is **ORDERED AND ADJUDGED** that, on or before **December 29, 2025**, the Government shall **SHOW CAUSE** as to why Petitioner was not told why his order of supervision was revoked or given an opportunity to respond to those reasons, despite the Notice of Revocation of Release, ECF No. [8-1] at 72, stating that he would be given such notice and opportunity to be heard.

Case No. 25-cv-25618-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 22, 2025.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: counsel of record